1

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

2

3

4

5

6

7

Attorneys for Plaintiff

8

9

10      UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **FC Juice Partners California, LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

13

14

15

16

17

18

19      Plaintiff Brian Whitaker complains of FC Juice Partners California,

20  LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"),

21  and alleges as follows:

22

23

24      **PARTIES:**

25      1. Plaintiff is a California resident with physical disabilities. He is

26  substantially limited in his ability to walk. He suffers from a C-4 spinal cord

27  injury. He is a quadriplegic. He uses a wheelchair for mobility.

28      2. Defendant FC Juice Partners California, LLC owned Jamba Juice

1

Complaint

1    located at or about 12265 Ventura Blvd., Studio City, California, in June 2019.

2        3.   Defendant FC Juice Partners California, LLC owned Jamba Juice

3    located at or about 12265 Ventura Blvd., Studio City, California, currently.

4        4.   Plaintiff does not know the true names of Defendants, their business

5    capacities, their ownership connection to the property and business, or their

6    relative responsibilities in causing the access violations herein complained of,

7    and alleges a joint venture and common enterprise by all such Defendants.

8    Plaintiff is informed and believes that each of the Defendants herein,

9    including Does 1 through 10, inclusive, is responsible in some capacity for the

10   events herein alleged, or is a necessary party for obtaining appropriate relief.

11   Plaintiff will seek leave to amend when the true names, capacities,

12   connections, and responsibilities of the Defendants and Does 1 through 10,

13   inclusive, are ascertained.

14

15   **JURISDICTION & VENUE:**

16       5.   The Court has subject matter jurisdiction over the action pursuant to 28

17   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

18   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

19       6.   Pursuant to supplemental jurisdiction, an attendant and related cause

20   of action, arising from the same nucleus of operative facts and arising out of

21   the same transactions, is also brought under California's Unruh Civil Rights

22   Act, which act expressly incorporates the Americans with Disabilities Act.

23       7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

24   founded on the fact that the real property which is the subject of this action is

25   located in this district and that Plaintiff's cause of action arose in this district.

26

27   **FACTUAL ALLEGATIONS:**

28       8.   Plaintiff went to Jamba Juice in June 2019 with the intention to avail

2

Complaint

1    himself of its goods and services, motivated in part to determine if the
2    defendants comply with the disability access laws.

3        9. Jamba Juice is a facility open to the public, a place of public
4    accommodation, and a business establishment.

5        10. Dining tables are one of the facilities, privileges, and advantages offered
6    by Defendants to patrons of Jamba Juice.

7        11. Unfortunately, on the date of the plaintiff's visit, the defendants failed
8    to provide accessible dining tables.

9        12. Currently, the defendants fail to provide accessible dining tables.

10       13. Plaintiff personally encountered these barriers.

11       14. By failing to provide accessible facilities, the defendants denied the
12   plaintiff full and equal access.

13       15. The failure to provide accessible facilities created difficulty and
14   discomfort for the Plaintiff.

15       16. The defendants have failed to maintain in working and useable
16   conditions those features required to provide ready access to persons with
17   disabilities.

18       17. The barriers identified above are easily removed without much
19   difficulty or expense. They are the types of barriers identified by the
20   Department of Justice as presumably readily achievable to remove and, in fact,
21   these barriers are readily achievable to remove. Moreover, there are numerous
22   alternative accommodations that could be made to provide a greater level of
23   access if complete removal were not achievable.

24       18. Plaintiff will return to Jamba Juice to avail himself of its goods and to
25   determine compliance with the disability access laws once it is represented to
26   him that Jamba Juice and its facilities are accessible. Plaintiff is currently
27   deterred from doing so because of his knowledge of the existing barriers and
28   his uncertainty about the existence of yet other barriers on the site. If the

Complaint

1  barriers are not removed, the plaintiff will face unlawful and discriminatory
2  barriers again.

3      19. Given the obvious and blatant nature of the barriers and violations
4  alleged herein, the plaintiff alleges, on information and belief, that there are
5  other violations and barriers on the site that relate to his disability. Plaintiff will
6  amend the complaint, to provide proper notice regarding the scope of this
7  lawsuit, once he conducts a site inspection. However, please be on notice that
8  the plaintiff seeks to have all barriers related to his disability remedied. See
9  *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
10 encounters one barrier at a site, he can sue to have all barriers that relate to his
11 disability removed regardless of whether he personally encountered them).

12

13 **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
14 **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
15 Defendants.) (42 U.S.C. section 12101, et seq.)

16     20. Plaintiff re-pleads and incorporates by reference, as if fully set forth
17 again herein, the allegations contained in all prior paragraphs of this
18 complaint.

19     21. Under the ADA, it is an act of discrimination to fail to ensure that the
20 privileges, advantages, accommodations, facilities, goods and services of any
21 place of public accommodation is offered on a full and equal basis by anyone
22 who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
23 § 12182(a). Discrimination is defined, inter alia, as follows:

24         a. A failure to make reasonable modifications in policies, practices,
25            or procedures, when such modifications are necessary to afford
26            goods, services, facilities, privileges, advantages, or
27            accommodations to individuals with disabilities, unless the
28            accommodation would work a fundamental alteration of those

Complaint

1      services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

2      b.  A failure to remove architectural barriers where such removal is

3          readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

4          defined by reference to the ADA Standards.

5      c.  A failure to make alterations in such a manner that, to the

6          maximum extent feasible, the altered portions of the facility are

7          readily accessible to and usable by individuals with disabilities,

8          including individuals who use wheelchairs or to ensure that, to the

9          maximum extent feasible, the path of travel to the altered area and

10         the bathrooms, telephones, and drinking fountains serving the

11         altered area, are readily accessible to and usable by individuals

12         with disabilities. 42 U.S.C. § 12183(a)(2).

13     22. When a business provides facilities such as dining tables, it must provide

14     accessible dining tables.

15     23. Here, accessible dining tables have not been provided.

16     24. The Safe Harbor provisions of the 2010 Standards are not applicable

17     here because the conditions challenged in this lawsuit do not comply with the

18     1991 Standards.

19     25. A public accommodation must maintain in operable working condition

20     those features of its facilities and equipment that are required to be readily

21     accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

22     26. Here, the failure to ensure that the accessible facilities were available

23     and ready to be used by the plaintiff is a violation of the law.

24

25     **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

26     **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

27     Code § 51-53.)

28     27. Plaintiff repleads and incorporates by reference, as if fully set forth

5

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

28. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

29. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

30. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

Complaint

1     3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4   Dated: July 2, 2019                     CENTER FOR DISABILITY ACCESS

5                                           By:

6

7                                           _____

8                                                Russell Handy, Esq.
                                                 Attorney for plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Complaint